**Richard CARPENTER, Plaintiff,**

**v.**

**CITY OF CHICAGO; Int'l Brotherhood of Teamsters, Local 726, and Latanya Dickerson, Defendants.**

No. 03 C 1630.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 6, 2003.

Robert L. Edwards, Attorney at Law, and Ronald Carpenter, Chicago, IL, for plaintiff.

Nancy L. Van Allen, George Ronald Thomson, Valerie Depies Harper, Mara Stacy Georges, Michael H. Slutsky and N. Elizabeth Reynolds, Allison, Slutsky & Kennedy, P.C., Chicago, IL, for defendants.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff Ronald Carpenter was employed by defendant City of Chicago as a truck driver. On March 2, 2002, Mr. Carpenter was assigned to drive a sub-standard truck. During his shift, Mr. Carpenter called defendant LaTanya Dickerson, a foreman, to report that his vehicle was unsafe to operate. Mr. Carpenter parked the truck and waited for help to arrive. Twenty-five minutes later, when Ms. Dickerson arrived, she accused Mr. Carpenter of sleeping in his truck and spoke to him in a rude and hostile manner. She told him to return to the garage. At the garage, Ms. Dickerson informed her supervisor, Vito Pesoli, that she had seen Mr. Carpenter asleep in his truck. Mr. Carpenter told Mr. Pesoli that this accusation was a lie. Mr. Pesoli fired Mr. Carpenter for calling Ms. Dickerson a liar. Mr. Carpenter then filed this action *pro se* seeking damages against the city and Ms. Dickerson for libel, harassment, defamation of character, and interference with his right to freedom of speech, and against his union, International Brotherhood of Teamsters Local # 726 ("Local # 726"), for failing to protect him. The city and Local # 726 move to dismiss the complaint. I grant the motions.

■ On a motion to dismiss, I accept all well-pleaded allegations in the complaint as true, *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir.1997), and grant the motion only if the plaintiff can prove no set of facts to support the allegations in his claim. *Strasburger v. Bd. of Educ.*, 143 F.3d 351, 359 (7th Cir.1998). A *pro se* complaint is held to less stringent standards of pleading than complaints drafted by lawyers. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir.1999).

■ Mr. Carpenter has failed to state a claim against the city. A municipality may be liable for a constitutional violation under 42 U.S.C. § 1983 only if the injury resulted from the municipality's policy, practice, or custom, or if the injury was caused by a person with final policy-making authority. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Even *pro se* plaintiffs must at least suggest that the city could be found liable under an *Monell* analysis. *See McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir.2000) (reversing dismissal of a *pro*

*se* civil rights complaint against the city where the plaintiff alleged that the city's "highest level policy-making officers" and a "widespread custom" contributed to his constitutional injury). Mr. Carpenter does not suggest that the city fired him pursuant to an unconstitutional policy nor that either Ms. Dickerson or Mr. Pesoli had final policymaking authority for the city. Therefore, his First Amendment claim is insufficient under *Monell.*

Mr. Carpenter's remaining claims against the city for libel, harassment, and defamation of character are based in state law. As Mr. Carpenter and the city share Illinois citizenship, and diversity jurisdiction is not available, the only basis for jurisdiction over these claims is supplemental jurisdiction in conjunction with a related federal claim. 28 U.S.C. § 1367(a). The "general rule is that when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state law claims." *Kennedy v. Schoenberg, Fisher, & Newman, Ltd.,* 140 F.3d 716, 727 (7th Cir.1998) (quoting *Wright v. Associated Ins. Cos.,* 29 F.3d 1244, 1250 (7th Cir. 1994)). Mr. Carpenter's only federal claim against the city fails, and I decline to exercise supplemental jurisdiction over the remaining state claims. 28 U.S.C. § 1367(c)(3).

Mr. Carpenter cannot maintain this action against Local # 726. The statutory basis for a claim against a union for failing to represent a member fairly is Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. However, that statute does not provide federal jurisdiction with respect to claims against unions that represent municipal employees. *Strasburger v. Bd. of Educ.,* 143 F.3d 351, 359–60 (7th Cir.1998). Mr. Carpenter is a citizen of Illinois, and Local # 726, which is located in Chicago, shares that citizenship. Therefore, the complaint against Local # 726 must be dismissed for lack of subject matter jurisdiction.[1]

Defendant International Brotherhood of Teamsters Local # 726's motion to dismiss is GRANTED. Defendant City of Chicago's motion to dismiss is GRANTED. The claims against LaTanya Dickerson are DISMISSED on the court's own motion.

---

1. Mr. Carpenter also sued LaTanya Dickerson, his supervisor. All claims against Ms. Dickerson are based on state law. Since the federal claims fail, and there is no basis for supplemental jurisdiction on the claims against Ms. Dickerson, they are dismissed.